### INNIS vs. WARE.

APPEAL from the court of the sixth district.

PORTER, J. delivered the opinion of the court. This action was commenced on an account, in which the plaintiff's claim for money

Under a plea of compensation, if the defendant offer evidence

West'n District
*Sept. 1823.*

INNIS
*vs.*
WARE.

without any objection made thereto in the lower court, none can be made above.

A jury may find a verdict for a sum due to the defendant.

had and received to his use: the hire of negroes, the use of oxen, &c. The defendant pleaded demands of the same nature, in compensation; and prayed judgment for the balance due him; the jury found a verdict in his favor; and the plaintiff appealed.

The evidence of the defendant was given in the court below without opposition; but it has been objected here, that it should not have been received, as the matters offered in defence were not such as could be pleaded in compensation. We think the objection came too late; and even if made below, could not have availed the plaintiff, as the defence was properly offered as a plea in *reconvencion, Curia. Phill. juicio civil, peremptories,* § 15, *no.* 9.

An application was made for a new trial, on the ground of newly discovered testimony. It was bottomed on an affidavit of the attorney, that his client was absent, and that since the trial he had discovered evidence that he was induced to believe would be material and important to the interest of the plaintiff. This evidence consists in a memorandum made by a person residing out of the jurisdiction of the court, shewing a division of a crop of cotton made in 1821, between the present parties. A

copy of this memorandum is shewn to have been taken by the plaintiff himself before the trial. And admitting it was material, which is not clear to us, we have no doubt that it was a want of due diligence in the plaintiff not to have informed his attorney of the fact.

It has been contended that under the act of 1821, the court erred, in giving judgment against the plaintiff, because the statute does not authorise a jury to give a verdict in favor of the defendant for any particular sum. The statute authorises payment for the balance of any claim which may be found due, and the court can, as legally ascertain that balance through the medium of a jury, as in any other mode.

The verdict, we think, has done justice, and we order, adjudge, and decree that the judgment rendered on it, be affirmed, with costs.

*Scott* for the plaintiff, *Thomas* for the defendant.